IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUZANNE FANTAUZZO,           )
                             )
       Plaintiff,            )
                             )
   v.                        )   No. 05 C 5902
                             )
CORFU FOODS,                 )
and VASILIOS MEMMOS,         )
                             )
       Defendants.           )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Corfu Foods' and Vasilios Memmos' ("Defendants") motion to dismiss Count IV. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Suzanne Fantauzzo ("Fantauzzo") claims that she was employed by Defendant Corfu Foods ("Corfu") as an administrative assistant from December 12 2003, until December 29, 2003. Fantauzzo alleges that during her employment at Corfu, Vasilios Memmos ("Memmos"), the owner of Corfu and her immediate supervisor, "kissed, smelled, hugged and groped [Suzanne] in a sexual manner

1

which was offensive and unwelcome to Suzanne." (Compl. 3). Fantauzzo claims that on December 24, 2003, she complained of this behavior to her only other supervisor. Fantauzzo also claims that after making this complaint, "Memmos began a course of action designed to intimidate [and] penalize" Fantauzzo. (Compl. 4). Finally, Fantauzzo alleges that on December 29, 2003, Memmos terminated her employment "for no reason other than she had refused his sexual advancements and had complained to her [other] supervisor." (Compl. 4). On October 13, 2005, Fantauzzo filed the instant action, alleging a claim of sexual harassment (Count I), a claim of hostile work environment (Count II), a claim of retaliation (Count III), and a claim of intentional infliction of emotional distress ("IIED") and assault and battery (Count IV). Defendants now move to dismiss Count IV.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" See *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

Defendants seek to dismiss Count IV, claiming that "even under the notice pleading standards . . . Plaintiffs' [sic] [allegations of IIED contained in] Count IV fail[] to state a claim upon which relief can be granted" and that "even if the [IIED] allegations contained in Count IV were true, the Plaintiffs [sic] would not be entitled to any relief." (Mot. 3). Defendants also state, in a footnote, that "[w]hile the title of Count IV also includes the words 'Assault and Battery,' the body of the count and the paragraphs incorporated in the count do not contain any allegations of assault or battery." (Mot. 2).

To state a claim for IIED under Illinois law, a plaintiff must allege that "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; [and] (3) the defendant's conduct in fact caused severe emotional distress." *Cook v. Winfrey*, 141 F.3d 322, 330 (7th Cir. 1998)(citing *Doe v. Calumet City*, 641 N.E.2d 498, 506 (Ill. 1994)(internal quotations omitted). The Seventh Circuit has held that a defendant's actions must be "so extreme in degree, as to go beyond all possible bounds of human decency." *Id.* (quoting *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976)). Furthermore, "'[m]ere insults, indignities, threats, annoyances, petty oppressions or trivialities' are not actionable as intentional infliction of emotional distress." *Id.* (quoting *Oates v. Discovery Zone*, 116 F.3d 1161, 1174 (7th

4

Cir.1997)). In the instant action, Fantauzzo alleges that on "many occassions" Memmos, who was Fantauzzo's supervisor and the owner of Corfu, "kissed, smelled, hugged and groped" Fantauzzo at the workplace. (Compl. 7). Fantauzzo also alleges that "on more than one occasion, [Memmos stated] that 'I'll kill you.'" (Compl. 7). Defendants argue that these actions, if true, would "not amount to extreme and outrageous conduct." (Mot. 3). However, Fantauzzo has made sufficient allegations to state a claim, at this point in the proceedings, for IIED under the notice pleading standard. Accordingly, we deny Defendants' motion to dismiss to the extent that it relates to a claim for IIED.

Defendants also briefly argue in a footnote that Count IV "do[es] not contain any allegations of assault or battery" and that Count IV "completely fails to meet even the liberal notice pleading requirement . . . ." (Mot. 2). Under Illinois law, "[a] battery is defined as the unauthorized touching of the person of another," with the "absence of consent . . . on the part of the plaintiff" as a key element of the tort. *Campbell v. A.C. Equipment Services Corp., Inc.*, 610 N.E.2d 745, 748 (Ill. App. Ct. 1993)(internal citations omitted). Assault is defined as "a reasonable apprehension of an imminent battery." *Rosenberg v. Packerland Packing Co., Inc.*, 370 N.E.2d 1235,1238 (Ill. App. Ct. 1977). In the instant action, Fantauzzo claims that Memmos "kissed, smelled, hugged and groped her in a sexual manner which was offensive and unwelcome to" her. (Compl. 3). Fantauzzo also alleges that "on more than one occasion" Memmos threatened to kill Fantauzzo. (Compl. 7). With these

5

allegations, Fantauzzo has made sufficient allegations, at this point in the proceedings, to state a claim for both battery and assault. Therefore, we deny Defendants' motion to dismiss Count IV.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to dismiss Count IV in its entirety.

 _____
 Samuel Der-Yeghiayan
 United States District Court Judge

Dated: January 31, 2006